UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ANTHONY HOWELL,                                                    Index No.
                              Plaintiff,

                                                                  COMPLAINT

            -against-

THE CITY OF NEW YORK
and STEPHEN HALL (CUSTODIAN
ENGINEER),
                              Defendant(s).
-----------------------------------------------------X

RECEIVED
JUL 1 2 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, ANTHONY HOWELL (hereinafter "plaintiff"), by his attorney(s), LAW
OFFICES OF WALE MOSAKU, P.C., complaining of defendants THE CITY OF NEW
YORK (hereinafter "CITY") and STEPHEN HALL (CUSTODIAN ENGINEER)
(hereinafter "HALL"), (both defendants hereinafter collectively referred to as
"defendants"), alleges as follows:

## I.   NATURE OF THE ACTION

The plaintiff brings this action to remedy discrimination on the basis of
race/color in the terms, conditions, and privileges of employment; and to
remedy discrimination in retaliation for the exercise of rights, all in
violation of Title VII of the Civil Rights Act of 1964 as amended, 42
U.S.C. § 2000e *et seq*. (hereinafter referred to as "Title VII"); the Civil
Rights Act of 1866, 42 U.S.C. §1981 (hereinafter referred to as "§1981");
the New York State Human Rights Law, Executive Law §269 *et seq*.
(hereinafter referred to as "Human Rights Law"); and the New York City
Civil Rights Law, New York City Administrative Code § 8-107 *et seq*.
(hereinafter referred to as "City Law").

Plaintiff seeks injunctive and declaratory relief, compensatory and
punitive damages, and other appropriate legal and equitable relief pursuant
to Title VII, §1981, Human Rights Law, and the City Law.

## II.   JURISDICTION AND VENUE

1.    This Honorable Court's jurisdiction is established pursuant to Title VII, U.S.C. §§1331, 1343 (3) & (4), 42 U.S.C. §§2000e-5(f)(3) and 42 U.S.C. §§1981 and 1988, as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution.

2.    As the plaintiff's State law claims derive from the same nucleus of operative facts as his federal claims, this Honorable Court has pendent jurisdiction pursuant to 28 U.S.C. §1367. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims brought under the Human Rights Law and the City Law.

3.    As the unlawful employment practices complained of herein occurred within the Southern District of New York, and the defendant(s) regularly do business within this District, venue is proper in this District pursuant to 28 U.S.C. §§1391 (b) and (c).

## III.   SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4.    Plaintiff has complied with all the procedural prerequisites required by law prior to initiating this action.

5.    On or about July 18, 2005, the plaintiff filed a Charge of Discrimination (hereinafter referred to as "Charge") against the defendants with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The charge was timely filed pursuant to Title VII, §2000e-5(e), and the EEOC, upon receipt of said Charge, thereafter designated said Charge with the following EEOC charge number: 160-2005-01974.

6.    On or about January 19, 2006, a period of one hundred and eighty (180) days having elapsed from the date of the EEOC's receipt of the plaintiff's

Charge, the plaintiff's counsel requested for a "Right to Sue" letter from the EEOC.

7. On or about March 8, 2006, the EEOC forwarded a letter to plaintiff's counsel, acknowledging receipt of the plaintiff's request for a "Right to Sue" letter, and advising that said request had been forwarded to the United States Department of Justice for action.

8. On or about April 27, 2006, the plaintiff's counsel received a "Right to Sue" letter, dated April 24, 2006, from the United States Department of Justice, and plaintiff is timely in filing this action.

IV.    THE PARTIES

9. Plaintiff is an adult black male of West Indian/Caribbean (Barbados) origin. At all relevant times hereinafter mentioned plaintiff maintained a residence within the City and State of New York. At all relevant times hereinafter mentioned plaintiff was an employee within the meaning of Title VII, §1981, Human Rights Law, and the City Law. At all relevant times hereinafter mentioned plaintiff performed his duties and tasks in a reasonable, satisfactory, and efficient manner.

10. At all times hereinafter mentioned, the plaintiff was, and still is, by virtue of said laws, protected against discrimination in employment on the basis of race and/or color, in that plaintiff is a black (African-American) person, a member of a recognized and protected category.

11. Plaintiff was and is, by virtue of the above-referenced laws, protected against discriminatory retaliation for protesting discrimination in employment on the basis of race and/or color.

12. At all times hereinafter mentioned, defendant CITY was, and still is a municipal corporation duly organized and existing under the laws of the State of New York.

3

13.  At all times hereinafter mentioned, defendant CITY was, and still is an employer within the meaning of Title VII, §1981, Human Rights Law, and the City Law, and at all relevant times employed and still employs more than five hundred (500) employees.

14.  At all times hereinafter mentioned, defendant CITY was, and still is, by virtue of the aforementioned laws, prohibited from discriminating in employment decisions on the basis of race/color.

15.  At all times hereinafter mentioned, defendant CITY was, and still is, by virtue of the aforementioned laws, prohibited from retaliating against its employees, including the plaintiff, for their/his exercise of rights protesting discrimination in employment.

16.  At all times hereinafter mentioned, HALL was and still is, upon information and belief, an adult male, and an employee, servant, agent, representative and/or Manager of defendant CITY. HALL is an employer within the meaning of Title VII, §1981, Human Rights Law, and the City Law, and is subject to said statutes. HALL is individually named in this suit for the purposes of effecting in full the compensatory, declaratory and injunctive relief demanded by plaintiff.

17.  At all times hereinafter mentioned, defendant HALL was, and still is, by virtue of the aforementioned laws, prohibited from discriminating in employment decisions on the basis of race/color.

18.  At all times hereinafter mentioned, defendant HALL was, and still is, by virtue of the aforementioned laws, prohibited from retaliating against his employees/co-workers, including the plaintiff, for their/his exercise of rights protesting discrimination in employment.

## V.   FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.   The plaintiff was hired to work as a cleaner with the defendant CITY's Department of Education on or about January 14, 1990.

20.   Prior to commencing his employment with the CITY's Department of Education, the plaintiff underwent, and passed various security checks and medical tests that were required by the CITY's Department of Education.

21.   Upon clearing all of the background checks, the plaintiff was issued with a photo identification card by the CITY's Department of Education.

22.   Upon commencing his employment with the CITY's Department of Education, the plaintiff was assigned to Public School 82 (PS 82), located at 1700 Macombs Road, Bronx, New York 10455, where he worked under the supervision of the Custodian Engineer. The Custodian Engineer at the commencement of the plaintiff's employment was named William Howard.

23.   The plaintiff subsequently worked at the same location for the following Custodian Engineers:
-   Jerry Tompkins;
-   Anthony Alleyne;
-   Brian McKay;
-   Marcus Peralta; and
-   Stephen Hall.

24.   At or about 2002 or 2003 P.S. 82 was closed down, and the premises at 1700 Macombs Road, Bronx, New York 10455 was thereafter, and continues, upon information and belief, to be utilized and occupied by Community Intermediate Schools (C.I.S.) 232 and 303.

25.   HALL became the plaintiff's supervisory custodian engineer on or about June of 2002.

26.     From the inception of HALL's supervision over the plaintiff, even though the plaintiff was hired as a "cleaner" and that was his job title, HALL insisted that the plaintiff perform out of title (handy person) functions. The plaintiff continued to be paid at the rate of a cleaner, even though the plaintiff was substantially performing handy person functions.

27.     On or about July 29, 2004, the plaintiff successfully completed a "Building Maintenance/Handyperson" course. The successful completion of this course formally qualified the plaintiff to qualify and apply for the position of "Handyperson".

28.     As a result, on or about August of 2004, the plaintiff asked HALL to promote him to the position of Handyperson at CIS 232/303. In response, HALL stated to the plaintiff that the budget he was working with could not afford the position of Handyperson. As such, the plaintiff remained in the position of Cleaner.

29.     At or about the second half of August of 2004, Mr. Peter Mascia, Sr., a white male, started to work at C.I.S. 232/303, alongside the plaintiff, ostensibly as a cleaner.

30.     However, on or about 02/22/2005, the plaintiff discovered that Mr. Mascia was employed in the position of Handyperson, and was being paid a handy person's wage/salary.

31.     At the time, the position of Handyperson paid $18.20 per hour, while the position of cleaner paid $16.00 per hour.

32.     Due to the fact that HALL had informed the plaintiff that he could not promote the plaintiff because the budget could not accommodate a Handyperson's wages/salary, and that Mr. Mascia was white, the plaintiff reasonably believed that the only reason Mr. Mascia was given the position was because of the fact that he was white.

33.   The plaintiff also had substantially more seniority than Mr. Mascia at the school, and as such, pursuant to the New York City Department of Education Rules, should have been the first choice for the position of handy person.

34.   As such, the plaintiff immediately informed his union representative (the plaintiff's Union is/was Local 74), Mr. Ruben Ramos, who informed the plaintiff that he would file a grievance on the plaintiff's behalf.

35.   Thereafter HALL commenced a series of retaliatory acts against the plaintiff.

36.   On or about March 9, 2005, the plaintiff arrived at work and was unable to locate his timecard. The night "fireman", named "Jean" informed the plaintiff that HALL had his timecard and wanted the plaintiff to report to his (HALL's) office.

37.   When the plaintiff arrived at HALL's office, the morning "fireman", namely Clarence Alston was in the office with HALL.

38.   HALL asked the plaintiff whether he (the plaintiff) thought he (HALL) would not find out that the plaintiff had filed a grievance against him.

39.   HALL handed the plaintiff two "Employee Warning Notices" dated March 9, 2005 and asked the plaintiff to sign them both. He informed the plaintiff that said warning notices were for the filing of the grievance. He told the plaintiff that he only needed one more warning issued against the plaintiff and "You are out of here buddy". The plaintiff refused to sign the documents. HALL issued said warning notices in retaliation for the plaintiff having filed a grievance with his union.

40.   On March 11, 2005, HALL issued the plaintiff with another "Employee Warning Notice". HALL issued said warning notice in retaliation for the plaintiff having filed a grievance with his union.

41.  On March 17, 2005, HALL issued the plaintiff with another "Employee Warning Notice". HALL issued said warning notice in retaliation for the plaintiff having filed a grievance with his union.

42.  On March 24, 2005, HALL issued the plaintiff with another "Employee Warning Notice". In this notice, HALL informed the plaintiff that his last date of employment would be April 7, 2005. In issuing this notice, HALL treated the plaintiff differently from his other co-workers who were only issued "warning notices" for the same alleged infraction. HALL decided to terminate the plaintiff's employment in retaliation for the plaintiff having filed a grievance with his union.

43.  On March 30, 2005, HALL issued the plaintiff with two (2) "Employee Warning Notices". HALL issued said warning notices in retaliation for the plaintiff having filed a grievance with his union.

44.  Pursuant to an agreement, dated April 8, 2005, and brokered by the plaintiff's union, the plaintiff was reinstated on April 8, 2005.

45.  However, HALL thereafter continued to retaliate against the plaintiff.

46.  On April 14, 2005, HALL issued the plaintiff with another "Employee Warning Notice". HALL issued said warning notice in retaliation for the plaintiff having filed a grievance with his union.

47.  On April 22, 2005, HALL issued the plaintiff with four (4) "Employee Warning Notices". HALL issued said warning notices in retaliation for the plaintiff having filed a grievance with his union.

48.  On April 26, 2005, HALL issued the plaintiff with another "Employee Warning Notice". HALL issued said warning notice in retaliation for the plaintiff having filed a grievance with his union.

49.     On May 5, 2005, HALL terminated the plaintiff's employment. HALL
        decided to terminate the plaintiff's employment in retaliation for the
        plaintiff having filed a grievance with his union.

50.     Upon information and belief, following the termination of the plaintiff's
        employment, HALL continued to retaliate against the plaintiff by
        providing potential employers who sought references with negative
        reviews of the plaintiff performance

51.     As at the date of the filing of this Complaint, the plaintiff remains
        unemployed.

FIRST CAUSE OF ACTION

TITLE VII AND § 1981 DISCRIMINATION

52.     Plaintiff repeats and realleges each and every allegation contained in
        paragraphs 1 through 51 of this Complaint with the same force and effect
        as if set forth herein.

53.     By the acts and practices described herein, defendants have discriminated
        against plaintiff in the terms and conditions of his employment, on the
        basis of his race and color, in violation of Title VII and §1981.

54.     By the acts and practices described herein, defendants have retaliatorily
        discriminated against plaintiff in the terms and conditions of his
        employment, in violation of Title VII and §1981.

55.     In taking the above-described discriminatory actions, defendants acted
        with malice and/or reckless indifference to plaintiff's rights under Title
        VII and §1981.

56.     As a result of defendants' discriminatory acts, plaintiff has suffered and
        will continue to suffer irreparable injury, emotional distress, and other
        monetary damages unless and until this Court grants relief.

57.     Defendant CITY is liable for the misconduct and above-described acts of
        its servant, agent, and employee, defendant HALL, by virtue of the

doctrine of respondeat superior and vicarious liability, and by virtue of the fact that defendant CITY were on notice of defendant HALL's aforementioned retaliatory actions against the plaintiff.

SECOND CAUSE OF ACTION

HUMAN RIGHTS LAW DISCRIMINATION

58.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth herein.

59.   By the acts and practices described herein, defendants have discriminated against plaintiff in the terms and conditions of his employment, in violation of the City Law.

60.   By the acts and practices described herein, defendants have retaliatorily discriminated against plaintiff in the terms and conditions of his employment, in violation of the Human Rights Law.

61.   In taking the above-described discriminatory actions, defendants acted with malice and/or reckless indifference to plaintiff's rights under the Human Rights Law.

62.   As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages unless and until this Court grants relief.

63.   Defendant CITY is liable for the misconduct and above-described acts of its servant, agent, and employee, defendant HALL, by virtue of the doctrine of respondeat superior and vicarious liability, and by virtue of the fact that defendant CITY were on notice of defendant HALL's aforementioned retaliatory actions against the plaintiff.

THIRD CAUSE OF ACTION

CITY LAW DISCRIMINATION

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as if set forth herein.

65. By the acts and practices described herein, defendants have discriminated against plaintiff in the terms and conditions of his employment, in violation of the City Law.

66. By the acts and practices described herein, defendants have retaliatorily discriminated against plaintiff in the terms and conditions of his employment, in violation of the City Law.

67. In taking the above-described discriminatory actions, defendants acted with malice and/or reckless indifference to plaintiff's rights under the City Law.

68. As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages unless and until this Court grants relief.

69. Defendant CITY is liable for the misconduct and above-described acts of its servant, agent, and employee, defendant HALL, by virtue of the doctrine of respondeat superior and vicarious liability, and by virtue of the fact that defendant CITY were on notice of defendant HALL's aforementioned retaliatory actions against the plaintiff.

VI.   PRAYER FOR RELIEF

70. WHEREFORE, the plaintiff respectfully requests that this Court enter a judgment as follows:

   (a)   declaring that the acts and practices complained of herein are in violation of Title VII, §1981, the Human Rights Law, and the City Law;

   (b)   enjoining and permanently restraining these violations of Title VII, §1981, the Human Rights Law, and the City Law;

   (c)   permanently enjoining the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in retaliation against plaintiff;

11

(d)    directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(e)    directing defendants to make the plaintiff whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(f)    directing the defendants to reinstate plaintiff or if reinstatement is not possible, to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(g)    directing defendants to pay plaintiff an additional amount as compensatory damages for the negligent and/or intentional infliction of emotional distress, conscious pain and suffering, and for his past and future pain and suffering;

(h)    directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(i)    awarding plaintiff such interest as is allowed by law;

(j)    awarding plaintiff reasonable attorneys' fees and costs; and

(k)    granting such other and further relief as this Court deems necessary and proper.

## VII.   DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated:    Brooklyn, New York
          July 11, 2006

Yours, etc.

LAW OFFICES OF WALE MOSAKU, P.C.

12

BY: WALE MOSAKU (AM5872)
Attorney for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

TO:

CITY OF NEW YORK
C/O Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

STEPHEN HALL
Community Intermediate School 232
1700 Macombs Road
Bronx, New York 10455

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY HOWELL,

                                        Plaintiff(s),


                -against-


THE CITY OF NEW YORK
and STEPHEN HALL (CUSTODIAN
ENGINEER),

                                        Defendant(s).

---

COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:                              Service of a copy of the within
                                 is hereby admitted.

                                 Dated:................. 200_


Attorney(s) for Defendants

---